UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**      **CRIMINAL ACTION**

**VERSUS**      **No. 13-160**

**DWIGHT STARKEY**      **SECTION I**

## ORDER & REASONS

Before the Court is defendant Dwight Starkey's ("Starkey") motion[1] to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the motion is denied.

### I.

On December 19, 2013, Starkey pled guilty to count 1 of a superseding indictment which charged him with conspiracy to possess with the intent to distribute five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.[2]

On April 24, 2014, the Court sentenced Starkey to a term of 120 months in the custody of the Bureau of Prisons ("BOP").[3] The Court also imposed a five-year term of supervised release.[4]

---

[1] R. Doc. No. 250.
[2] R. Doc. No. 32, at 1–2; R. Doc. No. 94.
[3] R. Doc. No. 161, at 2. Starkey is currently housed at Yazoo City Low FCI and has a projected release date of September 8, 2021. R. Doc. No. 250, at 1; R. Doc. No. 252, at 1; *see also* https://www.bop.gov/inmateloc/ (last visited June 22, 2020).
[4] R. Doc. No. 161, at 3.

## II.

In relevant part, section 3582(c)(1)(A) of the First Step Act provides that a court may not modify a term of imprisonment unless a motion is made after the prisoner has exhausted his administrative remedies and the court, after considering the factors set forth in 18 U.S.C. § 3553(a), finds that "extraordinary and compelling reasons warrant such a reduction."[5] 18 U.S.C. § 3582(c)(1)(A)(i). The reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Section 3582 allows a court to consider a defendant's motion for modification of a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

"The requirement that an inmate first exhaust his administrative remedies within the BOP is jurisdictional." *United States v. Gentry*, No. 03-50033, 2020 WL 2131001, at *2 (W.D. La. May 5, 2020) (citing *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010)); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing the defendant's failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point"); *United*

---

[5] As Starkey is not at least seventy years old, 18 U.S.C. § 3582(c)(1)(A)(ii) does not apply. *See* R. Doc. No. 131, at 4.

*States v. Alam*, No. 20-1298, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020) (agreeing with the *Raia* court's reasoning and holding).

Even in the context of the COVID-19 pandemic, a defendant must first satisfy the exhaustion criteria of 18 U.S.C. § 3582(c)(1)(A) in order for the Court to have jurisdiction over a motion for a sentence reduction. *See United States v. Ogarro*, No. 18-373, 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020) (Sullivan, J.) ("[S]ection 3582(c)'s exhaustion proscription . . . mandates that where the BOP has not submitted an application for a sentence reduction, a court cannot, under any circumstances, grant compassionate release unless the defendant has either 'fully exhausted all administrative rights to appeal' or waited at least 30 days from the receipt of such a request by the warden of the defendant's facility."). "This conclusion is supported by a number of cases in which courts have addressed motions for compassionate release under the [First Step Act] due to COVID-19 and found they do not have the authority to address those motions when the defendants have not first satisfied the exhaustion requirements[.]" *United States v. Guyton*, No. 11-271, 2020 WL 2128579, at *2 (E.D. La. May 5, 2020) (Milazzo, J.) (internal citation omitted) (collecting cases).

The defendant bears the burden of demonstrating that he is entitled to compassionate release and that he has exhausted his administrative remedies. *United States v. Evans*, No. 16-20144, 2020 WL 2549964, at *2 (W.D. Tenn. May 19, 2020); *United States v. Van Sickle*, No. 18-0250, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020); *see United States v. Roberts*, No. 15-135, 2020 WL 2130999, at *3 (W.D.

La. May 5, 2020); *United States v. Ebbers*, No. 02-1144-3, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020).

Starkey does not state in his motion whether he has submitted a request to the warden of the facility at which he is being held. The government asserts in its response to Starkey's motion that he has not submitted such a request, and it attached communications with a BOP supervisory attorney confirming the same.[6]

Therefore, Starkey's motion is not properly before this Court because he has not shown that he has "fully exhausted all administrative rights" or that thirty days have lapsed since the receipt of a request for a sentence reduction by the warden of his facility. *See* 18 U.S.C. § 3582(c)(1)(A).

### III.

Accordingly,

**IT IS ORDERED** that Starkey's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DISMISSED WITHOUT PREJUDICE** because of a lack of jurisdiction.

New Orleans, Louisiana, June 22, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[6] R. Doc. No. 252, at 9, 16; R. Doc. No. 252-2, at 1; R. Doc. No. 252-3, at 3.